IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VALERIE BERMEA, INDIVIDUALLY AND AS NEXT FRIEND TO S.G., J.G., AND S.G., MINOR CHILDREN, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | Civil Action No. 2:18-cv-3 |
| AMERICAN HONDA MOTOR CO., INC. AND HONDA MOTOR CO., LTD. | § § § § | |
| *Defendants*. | § § | |

**AMERICAN HONDA MOTOR CO., INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant American Honda Motor Co., Inc. ("AHM") and submits its Answer to Plaintiffs' First Amended Complaint. In support of this Answer, AHM shows as follows:

**AHM'S ANSWER**

**I.   AHM'S Response to Plaintiffs' Allegations of Parties**

1.   AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 1 of Plaintiffs' First Amended Complaint and, therefore, denies these allegations in their entirety.

2.   AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 2 of Plaintiffs' First Amended Complaint and, therefore, denies these allegations in their entirety.

1

148988

3.  AHM admits that it is a corporation headquartered in California and that it does business in Texas.

4.  Paragraph 4 of Plaintiffs' First Amended Complaint is directed to a defendant other than AHM and, thus, no response is required. To the extent a response is construed to be required, AHM admits that Honda Motor Co., Ltd. is a Japanese corporation with its headquarters in Japan.

### II.  AHM's Response to Plaintiffs' Allegations of Jurisdiction

5.  Paragraph 5 of Plaintiffs' First Amended Complaint is a legal conclusion for which no response is required.

6.  AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 6 of Plaintiffs' First Amended Complaint and, therefore, denies these allegations in their entirety.

### III.  AHM's Response to Plaintiffs' Allegations of Facts

7.  AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 7 of Plaintiffs' First Amended Complaint and, therefore, denies these allegations in their entirety. AHM admits that based on the VIN provided by Plaintiff, the subject vehicle is a 2003 Honda Odyssey.

8.  With respect to Paragraph 8 of Plaintiffs' First Amended Complaint, AHM admits only that it was involved in certain stages of marketing and distributing the subject vehicle.

9.  With respect to Paragraph 9 of Plaintiffs' First Amended Complaint, AHM admits only that it was involved in certain stages of marketing and distributing the subject vehicle.

10. With respect to Paragraph 10 of Plaintiffs' First Amended Complaint, AHM admits only that it was involved in certain stages of marketing and distributing the subject vehicle.

11. AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 11 of Plaintiffs' First Amended Complaint and, therefore, denies these allegations in their entirety.

12. AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 12 of Plaintiffs' First Amended Complaint as to whether the Plaintiff Valerie Bermea was properly seated and belted and, therefore, denies these allegations in their entirety.

13. AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 13 of Plaintiffs' First Amended Complaint as to whether the Plaintiff Valerie Bermea was properly seated and belted and, therefore, denies these allegations in their entirety. AHM denies the remaining allegations in Paragraph 13 of Plaintiffs' First Amended Complaint.

14. Paragraph 14 of Plaintiffs' First Amended Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

15. Paragraph 15 of Plaintiffs' First Amended Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

16. Paragraph 16 of Plaintiffs' First Amended Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

4626646

17. Paragraph 17 of Plaintiffs' First Amended Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required. Further, Plaintiffs do not identify the vehicle manufacturers to whom they refer.

18. Paragraph 18 of Plaintiffs' First Amended Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required. Further, Plaintiffs do not identify the vehicle manufacturers to whom they refer.

### IV. AHM's Response to Plaintiffs' Alleged Cause(s) of Action

19. With respect to Paragraph 19 of Plaintiffs' First Amended Complaint, AHM admits that it is generally foreseeable that accidents or incidents involving its vehicles take place on occasion. However, AHM denies any suggestion or inference that the underlying accident in this case was foreseeable.

20. AHM denies the allegations in Paragraph 20 of Plaintiffs' First Amended Complaint.

21. With respect to Paragraph 21 of Plaintiffs' First Amended Complaint, AHM admits only that it was involved in certain stages of marketing and distributing the subject vehicle.

22. AHM denies the allegations in Paragraph 22 of Plaintiffs' First Amended Complaint.

23. AHM denies the allegations in Paragraph 23 of Plaintiffs' First Amended Complaint.

24. AHM denies the allegations in Paragraph 24 of Plaintiffs' First Amended Complaint, including subparts (a)-(r).

4626646

25. AHM denies the allegations in Paragraph 25 of Plaintiffs' First Amended Complaint.

26. Paragraph 26 of Plaintiffs' First Amended Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

27. Paragraph 27 of Plaintiffs' First Amended Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

28. Paragraph 28 of Plaintiffs' First Amended Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

29. Paragraph 29 of Plaintiffs' First Amended Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

30. Paragraph 30 of Plaintiffs' First Amended Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

31. With respect to Paragraph 31 of Plaintiffs' First Amended Complaint, Plaintiffs do not identify the supposed "advanced safety features" to which they refer and, thus, AHM can neither admit nor deny the allegations in this paragraph.

32. AHM denies the allegations in Paragraph 32 of Plaintiffs' First Amended Complaint.

### V.    AHM's Response to Plaintiffs' Allegations of Damages

33. AHM denies that Plaintiff Valerie Bermea was damaged as a result of AHM's alleged acts and/or omissions. AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining averments as set forth in Paragraph 33 of Plaintiffs' First Amended Complaint and, therefore, denies these allegations in their entirety.

4626646

34. AHM denies that Plaintiff Valerie Bermea was damaged as a result of AHM's alleged acts and/or omissions. AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining averments as set forth in Paragraph 34 of Plaintiffs' First Amended Complaint and, therefore, denies these allegations in their entirety.

35. AHM denies that Plaintiff Valerie Bermea was damaged as a result of AHM's alleged acts and/or omissions. AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining averments as set forth in Paragraph 35 of Plaintiffs' First Amended Complaint and, therefore, denies these allegations in their entirety.

36. AHM denies that Plaintiffs S.G., J.G. and S.G. were damaged as a result of AHM's alleged acts and/or omissions. AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining averments as set forth in Paragraph 36 of Plaintiffs' First Amended Complaint and, therefore, denies these allegations in their entirety.

37. AHM denies that Plaintiffs J.G. and S.G. were damaged as a result of AHM's alleged acts and/or omissions. AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining averments as set forth in Paragraph 37 of Plaintiffs' First Amended Complaint and, therefore, denies these allegations in their entirety.

38. AHM denies the allegations in Paragraph 38 of Plaintiffs' First Amended Complaint.

## VI.   AHM's Response to Plaintiffs' Prayer

39. AHM denies that Plaintiffs are entitled to any recovery from AHM by way of this action, and specifically denies that Plaintiffs are entitled to the relief sought in their Prayer, including in Paragraph 39 and subparts (a) through (d).

## AHM'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

As a separate and alternative affirmative defense, AHM pleads its entitlement to have the jury consider the percentage of fault of all claimants, responsible third parties, and settling persons as required by TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001 *et seq*. In accordance with this section, AHM may not be held jointly and severally liable for any amount of damages herein, *unless* the percentage of responsibility of each defendant, when compared with that of each responsible third party and each settling party is greater than fifty-percent (50%). TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001 *et seq.*

### SECOND DEFENSE

As a separate and alternative affirmative defense, if Plaintiffs were injured and damaged as alleged, which is specifically denied, then any recovery they may have against AHM for such injuries must be proportionately reduced in accordance with the fault of Plaintiffs or of third persons or parties over whose conduct AHM had no control, consistent with the principles of comparative fault in force in this jurisdiction.

### THIRD DEFENSE

As a separate and alternative affirmative defense, AHM maintains that Plaintiffs' claims are subject to the restrictions found in TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.001 *et seq.*

### FOURTH DEFENSE

As a separate and alternative affirmative defense, AHM maintains that Plaintiffs' claims for medical expense damages are subject to the restrictions found in TEXAS CIVIL PRACTICE & REMEDIES CODE § 41.0105 *et seq.*

4626646

### FIFTH DEFENSE

As a separate and alternative affirmative defense, AHM is entitled to all available credits and/or offsets provided by the TEXAS CIVIL PRACTICE & REMEDIES CODE and under Texas law and/or any other applicable law and/or statute.

### SIXTH DEFENSE

As a separate and alternative affirmative defense, in the event Plaintiffs settle with any party who may be responsible, in whole or in part, for any of the alleged injuries and/or damages, AHM pleads its entitlement to have such person designated as a settling person under TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.003.

### SEVENTH DEFENSE

As a separate and alternative affirmative defense, in the event Plaintiffs file a non-suit or dismisses any party, whether a plaintiff or defendant, who may be responsible in whole or in part for any of the alleged injuries and/or damages, AHM pleads its entitlement to join and to file cross-claims for contribution against such dismissed party and/or to designate such party as a responsible third party under TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.004.

### EIGHTH DEFENSE

As a separate and alternative affirmative defense, AHM maintains the subject vehicle complied with all applicable federal requirements and regulations. Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.008, the vehicle met all applicable federal requirements and regulations and is, therefore, presumed to be non-defective as a matter of law.

### NINTH DEFENSE

As a separate and alternative affirmative defense, Plaintiffs' First Amended Complaint read in whole or in part, fails to state a claim or cause of action against AHM upon which relief

4626646

may be granted.

### TENTH DEFENSE

As a separate and alternative affirmative defense, AHM maintains that Plaintiffs' claim for damages is subject to the restrictions found in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091.

### ELEVENTH DEFENSE

As a separate and alternative affirmative defense, AHM reserves the right to further amend this answer, subject to obtaining leave of this Court, at such time as discovery and investigation have been completed.

### TWELFTH DEFENSE

As a separate and alternative affirmative defense, AHM states that the acts and damages alleged in Plaintiffs' First Amended Complaint, which damages are specifically denied, were the proximate result of acts and/or omissions of third parties, thereby barring recovery by Plaintiffs.

### THIRTEENTH DEFENSE

As a separate and alternative affirmative defense, AHM states that Plaintiff Valerie Bermea may have been negligent in failing and neglecting to exercise that degree of care that would have been used by an ordinary, reasonable, and prudent person under the same or similar circumstances, and this negligence was the proximate cause and/or sole cause of Plaintiffs' alleged damages, which damages are specifically denied.

### FOURTEENTH DEFENSE

As a separate and alternative affirmative defense, AHM states the damages to Plaintiffs, which are specifically denied, were the proximate result of an independent, intervening, or superseding causal force, thereby barring recovery herein.

#### FIFTEENTH DEFENSE

As a separate and alternative affirmative defense, AHM states that Plaintiffs herein suffered no damages as a result of AHM's acts, if any.

#### SIXTEENTH DEFENSE

As a separate and alternative affirmative defense, AHM states that Plaintiffs may have failed to mitigate those damages requested in Plaintiffs' First Amended Complaint, which damages AHM specifically denies.

#### SEVENTEENTH DEFENSE

As a separate and alternative affirmative defense, Plaintiffs' First Amended Complaint may be barred by release, waiver, estoppel, immunity granted by operation of law, statute of limitations, statute of repose, and/or laches.

#### JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38 and 39, AHM hereby requests a trial by jury on all issues of fact.

#### AHM'S PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant American Honda Motor Co., Inc. respectfully prays Plaintiffs have and recover nothing of and from AHM and that AHM recover all costs. AHM further respectfully prays for such further relief to which it may show itself justly entitled either in law or equity.

4626646

Respectfully submitted,

GERMER BEAMAN & BROWN, PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 482-3520 Facsimile


By:    */s/ Jeffrey S. Hawkins*
         Jeffrey S. Hawkins
         State Bar No. 09249100
         jhawkins@germer-austin.com


**ATTORNEYS FOR DEFENDANT,
AMERICAN HONDA MOTOR CO., INC.**

## CERTIFICATE OF SERVICE

I certify that on the 26th day of January, 2018, I submitted the foregoing document with the clerk of court for the U.S. District Court for the Northern District of Texas, using the electronic case files system of the Court. I hereby certify that I have served all counsel of record in the manner authorized by Federal Rule of Civil Procedure 5(b)(2):

E. Todd Tracy (Lead Counsel)
Stewart D. Matthews
Andrew G. Counts
The TRACY Firm
4701 Bengal Street
Dallas, Texas 75235
*Attorneys for Plaintiffs*

/s/Jeffrey S. Hawkins
Jeffrey S. Hawkins

4626646